UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ARTHUR RAY ROBINSON** | **CIVIL ACTION NO. 21-4104-P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **KAYLA SHERMAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Arthur Ray Robinson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 30, 2021. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Kayla Sherman, Jerry Goodwin, Walter Trovliver, Baird, the David Wade Correctional Center, Colonel Macoln, and the State of Louisiana as defendants.

Plaintiff has filed a lengthy and disjointed complaint and amended complaint. He claims supervisors at David Wade Correctional Center violate the rule against nepotism. Specifically, he claims Warden Jerry Goodwin and Assistant Warden Kayla Sherman are married.

Plaintiff claims Warden Goodwin and Assistant Warden Sherman failed to provide inmates with access to the courts. He claims inmates were denied access to law library material and adequate legal assistance from trained inmate counsels.

Plaintiff claims Warden Goodwin is responsible for ensuring that the inmate counsels have adequate legal training. He claims Warden Goodwin appointed Colonel Walter Trovliver to oversee the law library and to direct the inmate counsels. He claims Warden Goodwin appointed Assistant Warden Sherman to oversee the inmate counsels. He argues Sherman must be legally trained and able to perform the job of inmate counsel. He claims the inmate counsels are not trained by Louisiana legal professionals.

Plaintiff claims that on May 7, 2019[1] he was locked in his dormitory under Covid-19 restrictions and the law library was closed to the general population.

Plaintiff claims that when he was denied access to the courts, he was working on an application for post-conviction relief in his criminal case. On September 15, 1997, Plaintiff was convicted of two counts of second-degree kidnapping in the Louisiana First Judicial District Court. Subsequently, Plaintiff was adjudicated a fourth felony offender. On February 29, 2000, Plaintiff was sentenced as to count one to 15 years imprisonment at hard labor with two years to be served without benefit of parole, probation, or suspension of sentence and as to count two as a fourth felony offender to life imprisonment

---

[1] Plaintiff claims that on May 7, 2019, the law library was closed to the general population because of Covid 19 restrictions [Doc. 7, p. 2]. The court notes that it was not until March 15, 2020 that States began to implement shutdowns in order to prevent the spread of Covid-19. See https://www.cdc.gov/museum/timeline/covid19.

Page **2** of **16**

at hard labor without benefit of parole, probation, or suspension of sentence [Doc. 7, p. 48]. Judge Ramona Emanuel presided over Plaintiff's criminal proceedings and trial.

On February 28, 2001, the Louisiana Second Circuit Court of Appeal reversed Plaintiff's conviction as to count one and affirmed his conviction and sentence as to count two. State v. Robinson, 34,383 (La. App.2d Cir. 2/28/01) 780 So.2d 1213, writ denied, 2001-KO-1313, (La.3/28/2002), 812 So.2d 642. He claims Judge Emanuel then resentenced him to life imprisonment in his absence on July 12, 2002 [Doc. 1, p. 14].

Plaintiff claims the Louisiana Second Circuit Court of Appeal erred when it remanded his case to Judge Ramona Emanuel because she recused herself from his case. He claims Judge Emanuel continued to preside over his case in the Louisiana First Judicial District Court, Section 4. He claims Judge Emanuel did not have jurisdiction to act on his case and did not have authority to preside over it.

The minutes provided by Plaintiff demonstrate that on May 3, 1999, the court recused herself and the case was re-assigned to Section 2 by lot and continued until May 24, 1999, for a multiple offender hearing and recusation of judge. The minutes further demonstrate that on May 24, 1999, the motion to recuse was argued, submitted, and denied [Doc.1, pp.11-12]. Plaintiff is incorrect that Judge Ramona Emanuel was recused from presiding over his case.

Plaintiff claims the Louisiana Second Circuit Court of Appeal directed the Louisiana First Judicial Court to resentence him three times.

Page **3** of **16**

On May 9, 2006, the Louisiana Second Circuit Court of Appeal granted Plaintiff's writ of mandamus filed on April 28, 2006, and directed the trial court to enter a dispositive order on his motion for correction of illegal sentence within 30 days if it had not already done so [Doc. 7, p. 73].

On June 29, 2006, the Louisiana Second Circuit Court of Appeal granted Plaintiff's writ to order ministerial correction of any failure to vacate the sentence imposed prior to the life sentence levied after the habitual offender proceedings. The Louisiana Second Circuit Court of Appeal directed the trial court to make a ministerial correction by a minute entry vacating that sentence if it had failed to vacate the previous sentence [Doc. 7, p. 74-75].

On December 10, 2015, the Louisiana Second Circuit Court of Appeal (50,692) denied Plaintiff's writ seeking review of the trial court's October 27, 2015 ruling denying his post-conviction motions and claims for relief as to the reversal of his conviction and sentence for the second degree kidnapping of Ira Goodin, based on insufficient evidence to support his conviction. The Louisiana Second Circuit Court of Appeal explained that its previous opinion reversed that conviction and sentence and did not remand the matter to the trial court. It further explained that there was no sentence to vacate and no need for re-sentencing because the conviction was reversed [Doc. 7, pp. 57].

On February 6, 2019, Plaintiff filed a writ in the Louisiana Second Circuit Court of Appeal seeking review of the trial court's October 16, 2018 denial of his motion to

correct illegal sentence which he filed in trial court on August 13, 2018. On May 1, 2019, the Louisiana Second Circuit Court of Appeal granted Plaintiff's writ, reversed the trial court's ruling denying his motion to correct illegal sentence, and remanded the matter to the trial court for a determination of parole eligibility under La. R.S. 15:529.1(A)(1)(c)(i), as amended by 2001 La. Acts 403. State v. Robinson, No. K19-52,776 [Doc. 1, pp. 21-25].

By order filed April 8, 2021, Judge Ramona Emanuel allowed Plaintiff to file his writ application in the Louisiana Second Circuit Court of Appeal on or before May 7, 2021. By order filed May 5, 2021, Judge Ramona Emanuel granted Plaintiff's request for an extension of time to prepare his writ application to the Louisiana Second Circuit Court of Appeal and allowed him to file his writ application on or before June 7, 2021 [Doc. 7, pp. 50 -51].

Plaintiff claims the inmate counsel told him that he was not going to file a writ of mandamus but was going to file an appeal to the Louisiana Second Circuit Court of Appeal. He told the inmate counsel that he did not want to file another appeal because a reversal had been granted from his third appeal. Plaintiff claims he was subjected to double jeopardy and the evidence was the same. Plaintiff instead wanted to file a writ of mandamus to enforce the appellate order of May 1, 2019 which granted his writ and reversed and remanded his case to the trial court. Plaintiff claims the writ of mandamus was supposed to direct the trial court to do as ordered by the Louisiana Second Circuit

Court of Appeal and resentence him to a lesser sentence and allow him to be present during sentencing.

Plaintiff claims the inmate counsel filed an appeal in May 2021 and it was denied three weeks later. He claims the inmate counsel filed a writ of mandamus in the Supreme Court of Louisiana on October 12, 2021.

Plaintiff claims the inmate counsel did not do what he asked him to do. He claims he filed a grievance against the inmate counsel and David Wade Correctional Center in the administrative remedy procedure.

Plaintiff claims he had a writ of mandamus pending in the Supreme Court of Louisiana for more than a month. He claims the Supreme Court of Louisiana should have responded within thirty days and granted his writ of mandamus because the Louisiana Second Circuit Court of Appeal failed in its remand of his case to the trial court. By letter dated November 6, 2021, the Supreme Court of Louisiana informed Plaintiff that his writ application (2021-KH-1511) was pending and that he would be notified when the Court reached a decision [Doc. 7, p. 52]. The Supreme Court of Louisiana denied his writ application on February 22, 2022. State v. Robinson, 2021-KH-1511 (La. 2/22/2022), 333 So.3d 451.

Plaintiff claims the courts are discriminating against prisoners without regard to individual merit. He claims the courts are showing preference or prejudice. He claims it is a due process violation to require individuals to the follow the court's procedures when

the individual has not been trained or counseled in the law and cannot afford to hire a lawyer. He claims his case is very complex.

Plaintiff claims he was locked down in quarantine for virus prevention and was denied access to the courts. He claims he did not have daily access or necessary legal materials. He claims the courts are responsible for granting the rights of inmates.

Plaintiff claims he was housed in quarantine for no proper case or reason. He claims he was moved out of the house dorm for retaliatory reasons. He claims he was moved to a lock down cell for quarantine testing and into a disciplinary cell with no linens or access to the courts. He claims he was moved to a stricter lockdown cell when he had to request an extension of time from the court. He claims he had to live among dying people. He claims he was delayed the right to answer the court's notice of January 15, 2022 which required him to respond by February 2, 2022. He claims he could not file an adequate and proper brief.

Plaintiff claims it was impossible for him to file adequate motions. He claims that even if he had access to the law library, there would be a conflict of interest because this complaint complains of the inmate counsel not doing what he asked him to do.

Plaintiff claims the trial court has not complied with the orders of the Louisiana Second Circuit Court of Appeal to reverse his conviction and sentence. Plaintiff claims he filed requests in the trial court for an allocution hearing. He claims he received no

response. Plaintiff claims he is innocent and was subjected to double jeopardy. Plaintiff claims he received ineffective assistance of counsel.

Accordingly, Plaintiff seeks an acquittal, to be resentenced, released, and compensated.

## LAW AND ANALYSIS

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action and seeks monetary damages. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statues, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

Accordingly, Plaintiff's claim for monetary damages against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**David Wade Correctional Center**

Plaintiff names the David Wade Correctional Center as a defendant. It is well established that a correctional center is not a legal entity capable of being sued. Robertson v. Detention Center Claiborne Parish, 2009 WL 3241461(W.D. La. 2009). Therefore, David Wade Correctional Center is not a proper defendant.

Accordingly, Plaintiff's claims against the David Wade Correctional Center should be dismissed with prejudice as frivolous.

**Nepotism**

Plaintiff claims supervisors at David Wade Correctional Center violate the rule(s) against nepotism.[2]  He claims Warden Jerry Goodwin and Assistant Warden Kayla Sherman are married.

Plaintiff appears to argue that the marital relationship between Goodwin and Sherman violates the Louisiana Ethical Standards codified in La. R.S. 42:1119 which prohibits nepotism.  However, this relationship is not in violation of the statute.  David Wade Correctional Center is owned and managed by the Louisiana Department of Public Safety and Corrections.  James M. LeBlanc is the Secretary of the Louisiana Department of Public Safety and Corrections.[3]  Neither Goodwin nor Sherman is an agency head of the Louisiana Department of Public Safety and Corrections.

To the extent Plaintiff claims prison officials failed to follow the prison's own polices, he fails to establish a constitutional violation.  See Stanford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009).  Accordingly, Plaintiff's claims regarding nepotism should be dismissed with prejudice as frivolous.

---

[2] Plaintiff is unclear as to what rules against nepotism are allegedly being violated.  He possibly cites La. R.S. 42:1119 and C-J-S 120, 123, 124 and 197-204 [Doc. 1, p. 3].

[3] See http://www.doc.la.gov/pages/correctional-facilities.

**Access to the Courts**

Plaintiff claims he was denied access to the courts. He claims inmates were denied access to law library material and adequate legal assistance from trained inmate counsels. He claims the law library was closed to the general population because of Covid-19 restrictions. He claims the inmate counsel filed an appeal when he requested that he file a writ of mandamus.

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to

Page **10** of **16**

relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Additionally, there is no specific right to competent legal counsel or access to a law library. See Bunley v. Leblanc, 2000-WL-3067271 (M.D. La 4/30/20). "[T]he United States Supreme Court has not extended [the right of access to the courts] to encompass more that the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit because of the actions of Defendants. In fact, Plaintiff has filed numerous motions, appeals, and writs regarding his criminal case. Also, in this case he was able to file a complaint, amended complaint, exhibits, and notices during the time he was allegedly denied access to the courts. Thus, Plaintiff has failed to state any actual injury.

Accordingly, Plaintiff's claims regarding access to the courts should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims he was in quarantine for no proper case or reason. He claims he was moved out of the housing dorm for retaliatory reasons. He claims he was moved to quarantine to prevent him from requesting an extension of time.

To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive, the complained of incident–the transfer to quarantine-would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated by his placement in quarantine. He was able to file motions, appeals, and writs regarding his criminal case and a complaint, amended complaint, notices, and exhibits in this case. Moreover, the retaliatory motives alleged by Plaintiff are entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been placed in quarantine. In fact, Plaintiff admits that he was placed in quarantine for virus prevention [Doc. 7, p. 15].

Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

Page **12** of **16**

**Heck**

Plaintiff claims he was wrongly convicted and sentenced. Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his claims must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Habeas Claims**

To the extent Plaintiff seeks release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks an acquittal, resentencing, and his release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

Page **14** of **16**

**IT IS RECOMMENDED** that Plaintiff's claims against the State of Louisiana are **DISMISSED WITHOUT PREJUDICE** because this court lacks subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against the remaining Defendants be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's claims seeking his acquittal, resentencing, and immediate release are **DISMISSED** for failure to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a

copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of May, 2024.

Mark L. Hornsby
U.S. Magistrate Judge